UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES<br><br>v.<br><br>DIAMONDEZ PIERRE,<br><br>Defendant. | Crim. No. 20-10236-LTS |

MEMORANDUM AND ORDER ON PENDING MOTIONS

September 28, 2026

SOROKIN, J.

In March 2022, Diamondez Pierre waived indictment and pled guilty to an information charging a single firearms offense. Doc. No. 90; see Doc. Nos. 84, 88, 89. The Court sentenced him in July 2022 to twenty-four months' imprisonment followed by three years of supervised release. Doc. No. 106. A court-appointed lawyer, attorney Keren Goldenberg, represented Pierre at both his plea and his sentencing. About two years later, revocation proceedings began, and a new lawyer was appointed to represent Pierre; Goldenberg had become a state-court judge. Doc. No. 134.

Eventually, Pierre filed a pro se post-conviction motion seeking a new trial, alleging ineffectiveness by Goldenberg for providing inaccurate advice concerning Pierre's immigration status and the collateral effects of his conviction. Doc. No. 165. By then, Pierre had been arrested by immigration authorities and was in ICE custody at the Plymouth County Correctional Facility. Id. at 2. His two-page motion raised a serious issue but included no exhibits. Pierre's counsel notified the Court that she intended to supplement the pro se submission. The Court appointed a second lawyer to assist her, finding that the circumstances of the case warranted such

appointment. The supplemental motion, memorandum, and exhibits were filed on July 8, 2026. Doc. Nos. 185, 186, 186-1 to -9. The exhibits included detailed affidavits from Pierre and Goldenberg, Doc. Nos. 186-1, -2, email correspondence between Goldenberg and an immigration attorney, Doc. No. 186-4, and various other documents.

Instead of responding to the motion, the government asked the Court to find that Pierre had waived the attorney-client privilege and to require all three of the court-appointed lawyers who have represented Pierre to disclose information from their files. Doc. No. 190. The government did not articulate any specific reason why the information conveyed in the affidavits already filed was insufficient to permit the government to answer the motion. Nor did it explain why further discovery is necessary now, rather than through the ordinary process described in the Federal Rules Governing Section 2255 Proceedings in which discovery and/or evidentiary hearings are warranted. See Rule 6 (requiring "good cause" for discovery and requiring party seeking it to articulate specific requests); Rule 8 (providing for evidentiary hearings if warranted after motion and answer are reviewed by court). And, the government's proposed order included no protective language limiting the use of any disclosed information to the litigation of this post-conviction motion. See Doc. No. 190-1.

Pierre opposed the government's motion. Doc. No. 196. He agreed (as he must) that his ineffectiveness claim means he has made a limited waiver of the attorney-client privilege, insofar as privileged information is necessary to resolve his claim. However, he contended the government's motion was overbroad and premature. Pierre also conveyed that, though he has requested Goldenberg's file through his present counsel, he has not yet received it. After reviewing Pierre's memorandum, the Court directed the government to reply. Doc. No. 197.

In doing so, the government narrowed the information it requested, eliminating language from its proposed order that would have directed disclosures of communications involving Pierre's present lawyers. Doc. No. 198-1. But the government's reply did not contend with the representation that Pierre does not presently possess Goldenberg's file, did not explain why the government cannot respond to Pierre's motion based on the information already provided (and seek additional information as necessary later, through discovery or an evidentiary hearing), and did not engage with the need to limit the use of disclosed information (in the event Pierre succeeds in obtaining a new trial, at which the privileged communications could not properly be used by the government). See generally Doc. No. 198.

Having considered the foregoing circumstances and evaluated Pierre's motion papers in light of the governing law and procedural rules, the Court agrees with Pierre that the government's request is premature and insufficiently specific. Thus, the government's motion (Doc. No. 190) is DENIED. This denial is without prejudice to the government advancing more specific discovery requests, and/or a request for an evidentiary hearing, after it responds to Pierre's motion.

The issues raised in the parties' submissions so far lead the Court to impose the following schedule to govern proceedings on Pierre's ineffectiveness claim. The government shall file a response to the motion (Doc. No. 185) by October 13, 2026. Thereafter, the parties shall confer and file a status report addressing their joint or separate positions on the following topics:

1) whether Pierre has received Goldenberg's file and a) if so, whether additional disclosures of privileged materials have been made to the government, or b) if he has not received the file, whether the parties request that the Court issue an order requiring Goldenberg to produce her file;

2) whether any further discovery is necessary to resolve Pierre's claim and, if so, the parties shall identify such discovery as required by the governing rules, explain why it is necessary, and propose a schedule governing how and when it should occur;
3) whether the Court should enter a protective order limiting the use of privileged information exchanged in connection with Pierre's ineffectiveness claim;
4) whether an evidentiary hearing is required and, if so, the parties shall identify the anticipated witnesses and the topics of their testimony, estimate how long the testimony is expected to last, and propose when the hearing should occur; and
5) any other issues the parties wish to bring to the Court's attention.

If the parties propose that the Court issue orders concerning Goldenberg's file and/or limiting the use of privileged materials disclosed in these proceedings, they shall file with the status report proposed orders containing the language they jointly or separately believe the Court should use. The status report and any proposed order(s) shall be filed by October 27, 2026.

SO ORDERED.

/s/ Leo T. Sorokin
United States District Judge